IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

STEVEN ARMER                                                                                       PLAINTIFF

v.                                              CIVIL NO. 20-3061

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Steven Armer, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on October 30, 2017, alleging an inability to work since October 17, 2017, due to a bad left hip, missing toes on the right foot; carpal tunnel, bilaterally; headaches; sleep apnea; anger issues; and numb hands. (Tr. 63, 172). An administrative hearing was held on May 23, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 31-60).

By written decision dated October 10, 2019, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure

Specifically, the ALJ found Plaintiff had the following severe impairments: depressive disorder, an adjustment disorder, degenerative disc disease, a disorder of the hip, and a disorder of the left knee. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. He can occasionally push or pull with his bilateral upper extremities. The claimant is able to perform work where interpersonal contact is incidental to work performed, e.g. assembly work; complexity of tasks is learned and performed by rote, few variables, little judgment; supervision required is simple, direct and concrete.

(Tr. 15). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a small products assembler, an inspector packer, and a housekeeping cleaner. (Tr. 22-23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on July 13, 2020. (Tr. 1-4). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 25, 26).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following point on appeal: 1) the ALJ found Dr. Brownfield's medical opinion persuasive yet failed to include limitations in the RFC from this opinion without explanation. (ECF No. 25, p. 3). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 26, p. 2). The Court has reviewed the entire transcript and the parties' briefs.

The Court notes that an ALJ "is not required to adopt all limitations proposed by a doctor, even if that doctor's opinion is accorded significant weight." *Cannady v. Colvin*, No. 4:14-CV-00372-NKL, 2015 WL139762, at *5 (W.D. Mo. Jan. 12, 2015). As the Eighth Circuit has explained, an ALJ need not "mechanically list and reject every possible limitation." *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). In determining Plaintiff's RFC, the ALJ discussed Dr. Brownfield's January 29, 2018, opinion that Plaintiff had moderate to severe limitations using his back, left hip, and left knee; and moderate limitations using his hands. The ALJ also considered subsequent medical treatment, to include a successful knee surgery, and the fact that none of Plaintiff's treating physicians offered an opinion that Plaintiff was disabled or made any statement or recommendation that Plaintiff was unable to work at a level consistent with substantial gainful activity. In fact, progress notes dated July 23, 2018, January 9, 2019, and May 13, 2019, indicate

that Plaintiff was able to perform activities of daily living, as well as more strenuous activities including using a bush hog and clearing a lot for relatives. (Tr. 1899, 1901, 1903).

For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 23rd day of August 2021.


/s/   *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE